IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSY L. PENN, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:20-CV-689-K-BK |
| § | |
| ARMY AIR FORCE § | |
| EXCHANGE SERVICE, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States Magistrate Judge for pretrial management, including the entry of findings and a recommended disposition when appropriate. Defendants Army & Air Force Exchange Service ("AAFES"), Department of Defense ("DoD"), and Secretary of Defense Dr. Mark T. Esper (collectively, "Defendants") have filed a *Motion to Dismiss*, Doc. 6, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion should be **GRANTED**.

**I.   BACKGROUND**

Plaintiff Josy Penn commenced this *pro se* employment discrimination action in February 2020, in state court. Doc. 1-5 at 1. This is the latest in a long series of employment discrimination claims Penn has brought against Defendants. Doc. 1-5 at 6; Doc. 1-5 at 24; Doc. 1-5 at 53; Doc. 1-5 at 1; Doc. 6 at 1-3. In her petition, Penn asserts that AAFES discriminated against her and denied her employment benefits to which she was entitled, and she seeks $530,000 in damages. Doc. 1-5 at 1-3. Defendants removed the case to this Court under 28

U.S.C. § 1442(a)(1) (permitting the removal of state actions against federal agencies and officers), Doc. 1, and filed the instant motion shortly thereafter.  Doc. 6.

Defendants argue that Penn's claims are jurisdictionally barred by the doctrines of sovereign immunity and derivative jurisdiction and should be dismissed pursuant to Rule 12(b)(1).  Doc. 6 at 1.  In her response to the motion, Penn does not raise any substantive arguments against dismissal, only stating that she "disagrees" with the motion and requesting the appointment of counsel.  Doc. 10 at 1.  Having reviewed the applicable pleadings and law, the Court concludes that Penn's claims should be dismissed as jurisdictionally barred.

## II.   APPLICABLE LAW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  Because the burden of proof in a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, the plaintiff must show that jurisdiction does in fact exist.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Because Penn is a *pro se* litigant, the Court must liberally construe her pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers").  Even under the most liberal construction, however, Penn has failed to meet that burden here.

## III.    ANALYSIS

Penn does not specify the nature of the claims she asserts against Defendants.  Doc. 1-5.  However, construing her petition liberally, Penn could be bringing claims under a number of different federal statutes.  She alleges employment discrimination against AAFES under 29

C.F.R. § 1614.407, Doc. 1-5 at 2, which authorizes suit in federal district court under (1) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; (2) the Rehabilitation Act, 29 U.S.C. § 791; and (3) the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621.  *See* 29 C.F.R. § 1614.407.  Penn also claims that she was wrongly denied benefits under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.  Doc. 1-5 at 3.[1]

**A. Penn's Title VII, Rehabilitation Act and ADEA Claims Against AAFES and DoD**

AAFES and DoD correctly assert that Penn's claims against them under Title VII, the Rehabilitation Act, and the ADEA are barred by the doctrine of sovereign immunity.  Doc. 6 at 1, 5.  Absent a waiver, sovereign immunity shields the federal government and its agencies from suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).   Therefore, Penn has "the burden of proving that Congress has consented to suit by affirmatively waiving sovereign immunity in the specific context at issue."  *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 232 (5th Cir. 2015).  The federal government's sovereign immunity is jurisdictional in nature, bringing this issue under the purview of a Rule 12(b)(1) motion to dismiss.  *Meyer*, 510 U.S. at 475 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Because Title VII does not waive sovereign immunity for federal departments or agencies, civil actions under Title VII may only be brought against "the head of the department, agency, or unit," which, in this instance, is Dr. Esper.  *See* 42 U.S.C. §§ 2000e-16(c).  The same

---

[1] Plaintiff also seeks to have "contracts upheld" relating to her entitlements for extended benefits. In its *Motion to Dismiss*, Defendants address Penn's request as a potential breach of contract claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).  However, the Court does not construe Penn's complaint so broadly as to be raising such a claim.

3

is true of claims under the Rehabilitation Act and the ADEA. *See* 29 U.S.C. § 794a(a)(1) (applying remedies, procedures, and rights under Title VII to Rehabilitation Act claims); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (holding that the appropriate defendant under the ADEA is the same as under Title VII and the Rehabilitation Act in a similar employment discrimination case filed against AAFES).

### B. Penn's ADA Claims

To the extent Penn alleges a claim under the ADA, it is barred as to all Defendants. While the ADA prohibits employers from discriminating against employees on the basis of disability, the United States is excluded from the statutory definition of "employer." *See* 42 U.S.C. § 12111(5)(B)(i) (providing that the term "employer" does not include the United States); *Smith v. Potter*, 400 F. App'x 806, 812 (5th Cir. 2010) (holding that United States Postal Service employee's ADA claim against Postmaster General was barred by sovereign immunity).

### C. Penn's Claims are Barred by Derivative Jurisdiction

Because Penn originally filed this case in state court, all of her claims against Defendants, including Dr. Esper, are barred by the doctrine of derivative jurisdiction. "The derivative jurisdiction doctrine maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). Therefore, when a "state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none," even if the federal court would have had jurisdiction if the suit was originally brought there. *Id.* at 350 (citation omitted). Here, the state court lacked jurisdiction over all of Penn's claims because the United States did not explicitly waive its sovereign immunity against suit in the state court.

4

A waiver of the federal government's sovereign immunity must be "unequivocally expressed in statutory text" and "will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Moreover, "[w]aiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." *United States v. Sherwood*, 312 U.S. 584, 590 (1941); *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016)).

Title VII explicitly waives sovereign immunity as to "the head of the department, agency, or unit" of an executive agency for suits *in federal court*. 42 U.S.C. §§ 2000e-16(c). There is, however, no explicit waiver provision for suit brought against agency heads *in state court*. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990) ("Like its plain text, the legislative history of the [Civil Rights] Act affirmatively describes the jurisdiction of the federal courts, but is completely silent on any role of state courts over Title VII claims."). And although the Supreme Court of the United States has held that Title VII claims may be brought in state court against *private employers*, it has not explicitly held that Title VII's limited waiver of sovereign immunity applies in state courts to claims against *the federal government*. *See Yellow Freight*, 494 U.S. at 826. Here, Penn has not demonstrated, and this Court cannot imply, such a waiver.

It is also germane that this case was removed to this Court under 28 U.S.C. § 1442 rather than 28 U.S.C.A. § 1441. The latter provides that the "court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C.A. § 1441(f). However, Section 1442 contains no such provision, and the Court of Appeals for the Fifth Circuit has concluded that is by design. *See Lopez*, 749 F. 3d at 351 ("Reading the plain language of the amended § 1441(f) as we do, we see little room to

5

question that Congress has abrogated the derivative jurisdiction doctrine only with respect to removals under § 1441.").

For the foregoing reasons, had Penn originally filed her case in federal court, her Title VII, Rehabilitation Act, and ADEA claims against Dr. Esper would not have been barred by sovereign immunity. *See* 29 U.S.C. § 794a(a)(1); 42 U.S.C. §§ 2000e-16(c); *Honeycutt*, 861 F.2d at 1349. But because this case was removed from the state court which lacked jurisdiction over Penn's claims based on the United States' sovereign immunity, this Court lacks jurisdiction over those claims as well. *Lane*, 518 U.S. at 192; *Lopez*, 749 F.3d at 350.

### IV. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss*, Doc. 6, should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on October 22, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).